IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JARELL D. TERRY                                                                              PLAINTIFF
ADC #149998

V.                              NO. 2:22-cv-00086-BSM-ERE

GARY KERSTEIN, *et al.*                                                                 DEFENDANTS

RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file objections to all or part of this Recommendation. Objections, if filed, should be specific and include any factual or legal basis for the objection. To be considered, objections must be filed within 14 days. If you do not file objections, you risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

II.  **Background:**

*Pro se* plaintiff Jarell D. Terry, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Terry is currently proceeding on his medical deliberate indifference claims arising from: (1) his August 2, 2021 encounter with Dr. Gary Kerstein during which he discontinued

Mr. Terry's Keppra prescription; and (2) his August 16, 2021 encounter with Tracy Bennett during which she failed to renew Mr. Terry's Keppra prescription.[1] *Doc. 41.*

Defendants have filed a motion for summary judgment, a brief in support, and a statement of undisputed facts arguing that Mr. Terry's medical deliberate claims fail as a matter of law. *Docs. 61, 62, 63.* Mr. Terry has not responded to Defendants' motion, and the time for doing so has passed.[2] *Docs. 64, 66.* The motion is ripe for review.

For the reasons explained below, the undersigned recommends that the Court grant Defendants' motion for summary judgment.

## III.  Discussion:

### A.  Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party

---

[1] The Court previously dismissed all of Mr. Terry's other constitutional claims. *Docs. 26, 41.*

[2] On October 30, 2023, Mr. Terry: (1) notified the Court that he had not received copies of Defendants' motion for summary judgment; and (2) requested a "renewed deadline" to respond to Defendants' motion. *Doc. 65.* An Order entered on November 2, 2023: (1) directed the Clerk to provide Mr. Terry copies of Defendants' motion for summary judgment, brief in support, and statement of undisputed facts; and (2) set a deadline of November 27, 2023, for Mr. Terry to respond to Defendants' motion. *Doc. 66.*

bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must come forward with specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if -- but only if -- the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

### B.   Undisputed Factual Background[3]

On April 2, 2018, Ruth Thomas, M.D. (a former Defendant) performed surgery to remove bullet fragments above Mr. Terry's right ankle. *Doc. 63-2 at 1*. On May 29, 2018, Dr. Thomas examined Mr. Terry at a follow-up visit. Dr. Thomas: (1) noted that Mr. Terry's recovery was "appropriate"; and (2) did not recommend any additional follow-up treatment or pain medication. *Id*.

In January 2019, Nurse Practitioner Converse (a non-party) prescribed Mr. Terry Keppra for pain. *Doc. 18-1 at 1*. Mr. Terry's course of treatment remained unchanged until August 2, 2021. *Docs. 63-3, 63-4, 63-5, 63-6*. On that date, during

---

[3] Unless otherwise specified, these facts are taken from: (1) Defendant Bennett's affidavit submitted in response to Mr. Terry's motion for preliminary injunctive relief (*Doc. 18-1*); and (2) Mr. Terry's medical records. *Docs. 63-2, 63-3, 63-4, 63-5, 63-6, 63-7, 63-8, 63-9, 63-10, 63-11, 63-12, 63-13, 63-14, 63-15*.

a telemedicine visit with Defendant Kerstein, Defendant Kerstein noted that Mr. Terry had no history of seizure or other "clinical indication" for continued Keppra use. *Doc. 63-6 at 1*. As a result, Defendant Kerstein discontinued Mr. Terry's Keppra prescription. *Id*.

On August 16, 2021, August 30, 2021, September 30, 2021, November 5, 2021, January 5, 2022, March 18, 2022, and April 27, 2022, Mr. Terry returned to Health Services complaining of right ankle pain. *Docs. 63-6, 63-7, 63-8, 63-10, 63-11, 63-13*.

During his August 16, 2021 encounter, Defendant Bennet examined Mr. Terry. She noted that he was able to ambulate without difficulty, and he had a full range of motion with no edema and erythema. *Doc. 63-6 at 1*. Defendant Bennett ordered Mr. Terry ibuprofen to address his pain. *Id*.

During his August 30, 2021 encounter, APRN David Smith (a non-party) examined Mr. Terry and noted that he was able to ambulate with a steady gate without assistance. *Doc. 63-8 at 1*. APRN Smith ordered Mr. Terry acetaminophen for pain. *Id*.

During his September 30, 2021 encounter, Defendant Kerstein examined Mr. Terry. *Id*. He noted that Mr. Terry was able to ambulate without difficulty, and he had a full range of motion with no edema and erythema. Defendant Kerstein ordered

continued treatment with acetaminophen. *Id*. Specifically, Defendant Kerstein noted that "there would be no medical indication for changing his med[s]." *Id*.

During his November 5, 2021 encounter, Defendant Bennett examined Mr. Terry. Doc. *63-10*. She noted that he was able to ambulate without difficulty, and he had a full range of motion with no edema and erythema. *Id*. Defendant Bennett ordered continued treatment with acetaminophen. *Id*.

On December 3, 2021, Defendant Kerstein again ordered acetaminophen to address Mr. Terry's ankle pain complaints. *Doc. 63-11 at 1*.

During his January 5, 2022 encounter, Defendant Bennett noted a full range of motion, no erythema, no edema, no laxity, and no instability to his ankle. *Id*. She ordered naproxen to treat Mr. Terry's pain. *Id*.

During his March 18, 2022 encounter, Defendant Bennet again noted that Mr. Terry was able to ambulate without difficulty and had no edema, erythema, effusions, laxity, or instability. *Doc. 63-13 at 1*. Defendant Bennett continued Mr. Terry's ibuprofen prescription. *Id*.

During his April 27, 2022 encounter, Defendant Bennett noted that Mr. Terry was able to ambulate without difficulty. *Id*. She ordered Mr. Terry meloxicam for pain. *Id*.

On May 18, 2022, Mr. Terry filed this lawsuit. *Doc. 1*.

## C. Medical Deliberate Indifference

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and citation). At the summary judgment stage, Mr. Terry "must clear a substantial evidentiary threshold" to show that Defendants acted with deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference.[4] *Id. at 575*. Instead, deliberate indifference requires culpability akin to criminal recklessness, which is more blameworthy than negligence but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

In addition, disagreement with treatment decisions alone cannot support a deliberate indifference claim. *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018). An inmate has no right to a particular or requested course of treatment, and a mere difference of opinion over matters of expert medical judgment or the course of treatment does not amount to a constitutional violation. *Dulany v. Carnahan*, 132

---

[4] Mr. Terry's pleadings appear to assert only federal constitutional claims and those are the only claims addressed. Accordingly, it is not necessary to assess whether either of the remaining Defendants acted negligently in violation of state law. See also 28 U.S.C. § 1367(c)(3) (district court may, once it has dismissed federal claims on which its original jurisdiction is based, decline to exercise jurisdiction over supplemental state law claims).

F.3d 1234, 1239-40 (8th Cir. 1997) (where medical records show that treatment was provided; and physician affidavits state that the care was adequate, an inmate's belief that she did not receive adequate care is insufficient to create disputed material fact).

Stated another way, Defendants can be held liable only if their actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). "Merely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." *Jackson v. Buckman*, 756 F.3d 1060, 1065-1066 (8th Cir. 2014) (internal citation omitted).

Defendants submit the affidavit or Donna M. Shipley, M.D., MS, FAAFP, in support of their motion. *Doc. 63-1*. Dr. Shipley testifies that: (1) Defendants have routinely examined Mr. Terry's pain complaints; (2) Defendants appropriately treated Mr. Terry's pain complaints by prescribing ibuprofen, acetaminophen, and meloxicam; and (3) "Mr. Terry does not have a history of seizure disorder and there is no clinical indication to prescribe him Keppra" (*Doc. 63-1 at 2*); (4) "to continue the use of Keppra for pain management would have posed more risk that benefit to Mr. Terry" (*Id.*); and (5) she "believe[s] that the medical care and treatment provided to Mr. Terry by Dr. Kerstein and Tracy Bennett was appropriate, adequate[,] and timely." *Id*.

Based on the undisputed evidence before the Court, no reasonable juror could conclude that Defendants were deliberately indifferent to Mr. Terry's medical needs. Rather, to the contrary, Defendants: (1) promptly responded to Mr. Terry's medical requests; and (2) addressed Mr. Terry's complaints of ankle pain by providing a variety of medications. Such conduct can hardly be described as criminally reckless.

In addition, Mr. Terry has failed to come forward with any evidence contradicting Dr. Shipley's testimony that Defendants provided Mr. Terry appropriate and adequate medical care.

On this factual record, which Mr. Terry fails to dispute, there is no genuine issue of material fact on the constitutional claims. As a result, Defendants are entitled to judgment as a matter of law.

**IV.   Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 61*) be GRANTED.

2. Mr. Terry's claims be DISMISSED, with prejudice.

3. The Clerk be instructed to close this case.

Dated 19 December 2023.

_____
UNITED STATES MAGISTRATE JUDGE